# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **KENNETH SHANE SPILLERS** | **CIVIL ACTION NO. 06-0732** |
| **VS.** | **SECTION P** |
| **RICHARD FEWELL, ET AL.** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on May 1, 2006 by *pro se* plaintiff Kenneth Shane Spillers. Plaintiff is a parish prisoner in the custody of the Ouachita Parish Sheriff. He is incarcerated at the Ouachita Parish Correctional Center (OPCC), Monroe, Louisiana and complains of general conditions of confinement at that institution. He asks for injunctive relief in the form of an order directing that all constitutional violations be remedied, that overcrowded conditions be remedied, and, that unsafe and unsanitary conditions of confinement be remedied. He names Ouachita Parish Sheriff Richard Fewell, and his deputies, Major Wheelis and Captain Connie Murray as his defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE.**

## STATEMENT OF THE CASE

In his original complaint [doc. 1], plaintiff claimed that the defendants are responsible for the day to day functions of the institution. He claimed in general that OPCC is overcrowded,

1

unsafe, and unsanitary. He claimed that medical conditions [sic], the grievance procedure, the law library, and hygiene provisions are inadequate; he also contended that recreation is inadequate, that access to the courts is inadequate, and that exposure to sunlight is inadequate. He claimed "...general Sixth Amendments and Fourteenth Amendments violations to counsel and due process..." Finally, he complained that the jail is too cold.

On June 22, 2006, plaintiff was ordered to amend his complaint to provide the specific information necessary to complete an initial review of his claims. [doc. 4] On July 18, 2006, he filed an amended complaint. In his amended complaint he maintained:

> (1) that the administrative remedies procedure at OPCC is inadequate [doc. 5, paragraph 1],
>
> (2) that he has been denied the opportunity to see a physician despite three requests [*id.*, paragraph 2],
>
> (3) that he has been denied access to his medical records [*id.*, paragraph 3],
>
> (4) that on April 15, 19, 22, and 26 he was refused access to the law library [*id.*, paragraph 4],
>
> (5) that there is black mold "...in the ceiling area, shower area and toilet areas of each dorm... even though staff came in and sprayed bleach ..." [*id.*], and
>
> (6) that his prison dormitory which has been designed to house 55 inmates, houses 74, that no recreation yard schedule is maintained, and that "dangerous convicted felony inmates are being housed with pre-trial inmates ..." [*id.*, paragraph 5]

## **LAW AND ANALYSIS**

### *1. Initial Review Pursuant to 28 U.S.C. §§1915 and 1915A and 42 U.S.C. §1997e*

When a prisoner is allowed to litigate a civil rights complaint *in forma pauperis,* the district court is obligated to dismiss the case at any time if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). See 28

U.S.C. § 1915A (stating that when a prisoner seeks redress from a governmental entity or one of its employees, the court shall review the complaint as soon as practicable and dismiss it if the court finds the complaint frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief); 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, falls to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998).

While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). See *Wesson v.*

3

*Ogleby*, 910 F.2d 278, 281 (5th Cir.1990) ("An *IFP* complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under [§ 1915(d)(2)(B) ]."). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff has clearly stated his claim for relief. He was ordered to amend his complaint to provide facts supportive of his claims. He amended his complaint but provided none of the detail ordered.

## 2. Administrative Remedies

In his amended complaint, plaintiff implied that the defendants violated his due process rights by not responding to his inmate grievances. The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves prisoners without a federally-protected right to have grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. See *Taylor v. Cockrell*, 2004 WL 287339 at *1 (5th Cir. Feb.12, 2004) (not designated for publication) (holding that "claims that the defendants violated ... constitutional rights by failing to investigate ... grievances fall short of establishing a federal constitutional claim"). See also *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 138, 97 S.Ct. 2532, 53 L.Ed.2d 629 (Burger, C.J., concurring) (applauding the institution of grievance procedures by prisons but not suggesting that such procedures are constitutionally required); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996) ("[A] state's inmate grievance procedures do not

4

give rise to a liberty interest protected by the Due Process Clause."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) ("[T]he constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (quotation omitted) (holding that a prison grievance procedure is not a substance right and "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"); and *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

Plaintiff's claim thus lacks an arguable basis in law and dismissal is recommended.

### *3. Medical Care*

Plaintiff claims that despite three requests, he has not been allowed to see a physician concerning "... his eye and numbness in his face." Plaintiff can establish an actionable constitutional violation only if he alleges facts tending to establish that the defendants were deliberately indifferent to his serious medical needs. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). Again, plaintiff has not made such a showing.

"[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999). The fact that a plaintiff disagrees with what medical care is appropriate does not state a claim of deliberate indifference to serious medical needs. See *Norton v. Dimazana*, 122 F.3d 286, 292

(5th Cir.1997).

Despite a specific order to do so, plaintiff has not alleged facts sufficient to establish deliberate indifference in this context. The only allegation made with regard to his medical care claim is his claim that despite three requests, he has not seen a physician. Plaintiff does not suggest that he has been denied any medical treatment.

Despite having been directed to do so, plaintiff has simply failed to allege his medical care claim with the specificity required by the Federal Rules of Civil Procedure. In other words, he has failed to state a claim for which relief may be granted.

### *4. Access to Medical Records*

Plaintiff contends that the defendants have denied him access to his medical records. "[Section] 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 n. 3 (5th Cir.1999). "To state a claim under § 1983, a plaintiff must allege <u>the violation of a right secured by the Constitution and laws of the United States</u>, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)(emphasis supplied).

Plaintiff has no absolute constitutional right to his medical records. Plaintiff has raised medical care claims in this complaint as well as in the complaint filed under docket number 3:06-cv-0689. In both cases plaintiff was ordered to amend his original complaints to provide some factual support for his claim that the defendants denied him adequate medical care. However, in neither case did he do so. While he might argue that access to his prison medical records was necessary to comply with those orders, such an argument would be without merit. Plaintiff was directed to provide FACTS in support of his claim that he was denied medical care. He was

ordered to provide a description of his injury and to state the dates and times he was denied care. He did not need his medical records to comply with these orders.

In short, this claim is frivolous and dismissal on that basis is recommended.

## 5. *Access to Courts*

Plaintiff claims that he was denied access to the prison law library on April 15, 19, 22, and 26, 2006. The right of access to the courts assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights. *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996); *Norton v. Dimazana*, 122 F.3d 286, 289 (5th Cir.1997).

However, prison officials have considerable discretion in choosing the mechanism and forms of assistance they will furnish to prisoners for the purpose of allowing prisoners to file non-frivolous legal claims. See *Lewis v. Casey*, 518 U.S. at 356, 116 S.Ct. at 2182, ("Of course, we leave it to prison officials to determine how best to ensure that inmates... have a reasonably adequate opportunity to file non-frivolous legal claims challenging their convictions or conditions of confinement.")

Plaintiff's allegations, construed liberally and all taken as true for the purposes of this review, fail to demonstrate that the defendants denied him access to the courts as that term is defined in the foregoing cited jurisprudence. As stated above, the Supreme Court has not extended the right to access the courts to encompass any more than the ability of an inmate to prepare and transmit a necessary legal document to a court. *Brewer v. Wilkinson*, 3 F.3d at 821. See also *Lewis v. Casey*, 518 U.S. at 349-355, 116 S.Ct. at 2179-81; *Norton v. Dimazana*, 122 F.3d at 290; and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996).

Further, even assuming that plaintiff is ultimately able to demonstrate that his inability to

access the prison law library for four days in April somehow deprived him of his constitutional right to access the courts, he must still allege facts to establish that he suffered some prejudice as a result of the deprivation. That requirement has long been established by Supreme Court and Fifth Circuit jurisprudence. See *Lewis v. Casey*, 518 U.S. at 350-355, 116 S.Ct. at 2179- 81; *Eason v. Thaler*, 73 F.3d at 1328; *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir.1993); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.1992), *cert. denied*, 504 U.S. 988, 112 S.Ct. 2974, 119 L.Ed.2d 593 (1992); and *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir.1988).

Plaintiff has wholly failed to allege any <u>specific</u> facts establishing that he was <u>actually prejudiced</u> in connection with any pending or contemplated legal proceeding by any alleged act or omission by any of the named defendants herein. Because plaintiff has presented no fact-specific allegations establishing that he was ever actually prejudiced in connection with any actual or proposed legal proceeding, his claims do not provide a basis for recovery under § 1983. Plaintiff's access to court claim is frivolous and dismissal on that basis is appropriate.

*6. General Conditions of Confinement*

Finally, plaintiff complains of the presence of black mold "...in the ceiling area, shower area and toilet areas of each dorm... even though staff came in and sprayed bleach ...", overcrowding, and, that convicts are routinely housed with detainees.

In order to successfully allege a civil rights claim regarding the conditions of his confinement, a pretrial detainee must assert that the complained of conditions caused an injury and that the conditions causing injury amounted to punishment and were not incident to some other legitimate governmental purpose. See *Bell v. Wolfish*, 441 U.S. 520, 535, 538, 99 S.Ct. 1861 (1979); *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir.1997) (*en banc*). The mere fact that

detention interferes with a detainee's desire to live as comfortably as possible does not convert the conditions of confinement into punishment. *Bell*, 441 U.S. at 537.

Plaintiff's allegations regarding the conditions of confinement at the OPCC are conclusory at best. He has not alleged that the conditions personally caused him any injury[1], nor that they amounted to proscribed punishment.

Plaintiff was given an opportunity to expound on the factual allegations of his complaint [see *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir.1994) (requiring further development of insufficient factual allegations before dismissal under § 1915(d) is proper); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir.1976)] but he has failed to allege any cognizable claim for relief against the named defendants under § 1983. Therefore, the complaint should be dismissed with prejudice as frivolous. See 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), 42 U.S.C. § 1997e(c).

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH**

---

[1] Plaintiff did allege that the OPCC's practice of housing LDOC inmates with pre-trial detainees resulted in injury at the hands of a violent inmate. However, that claim has been analyzed in a Report and Recommendation authored by the undersigned in plaintiff's original civil rights complaint. See *Kenneth Shane Spillers v. Richard Fewell, et al.*, No. 3:06-cv-0689. As pointed out in that Report, the confinement of pretrial detainees with convicted prisoners is not *per se* unconstitutional. (*Jones v. Diamond*, 636 F.2d 1364, 1374 (5th Cir.1981). So long as such practice is not indiscriminate and is "reasonably related to the institution's interest in maintaining jail security," *Bell* 441 U.S. at 531, or, even if the physical facilities do not permit their separation, the practice survives constitutional scrutiny. Compare *Barnes v. Virgin Islands*, 415 F.Supp. 1218, 1235 (D.V.I.1976); see *Hamilton v. Landrieu*, 351 F.Supp. 549, 552 (E.D.La.1972). Plaintiff offers no facts to substantiate his conclusory allegation that violent offenders are housed indiscriminately with detainees. While the assault on his person was regrettable, not "every injury suffered by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. at 834. "Prison officials are not ... expected to prevent all inmate-on-inmate violence." *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir.2003).

**PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted, pursuant to the provisions of 28 U.S.C.1915(e)(2).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 18th day of September, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE